**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 282.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. SANBORN.

**[Cite as *Disciplinary Counsel v. Sanborn*, 1998-Ohio-470.]**

*Attorneys at law—Misconduct—Indefinite suspension—Failing to maintain estate funds in an identifiable bank account—Failing to promptly notify survivors of receipt of estate funds—Engaging in illegal conduct involving moral turpitude—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law.*

(No. 97-2183—Submitted December 10, 1997—Decided March 25, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-29.

———————————

{¶ 1} On September 26, 1996, relator, Office of Disciplinary Counsel, filed an amended complaint alleging in one count that for ten years, from November 1983 when he closed the estate of John B. Steffy, for which he was a fiduciary, until November 1993, respondent, Thomas H. Sanborn of Amherst, Ohio, Attorney Registration No. 0024624, continued to appropriate to his own account proceeds from a land contract that belonged to the estate. Relator charged that respondent's action violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct adversely reflecting upon the attorney's fitness to practice law), 9-102(A) (failing to maintain estate funds in an identifiable bank account), and 9-102(B)(1) (failing to promptly notify the survivors of the receipt of estate funds).

{¶ 2} In a second count, relator alleged that in August 1996 respondent pled guilty to bank fraud, in violation of Section 1344, Title 18, U.S.Code, for misappropriating client funds totaling $230,900 and depositing them in his own

account. Relator charged that respondent's actions violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4), 1-102(A)(6), and 9-102(A).

{¶ 3} On January 24, 1997, being advised of respondent's felony conviction, we suspended respondent from the practice of law in Ohio for an interim period. *In re Sanborn* (1997), 77 Ohio St.3d 1533, 674 N.E.2d 1175.

{¶ 4} Respondent filed an answer to the complaint, admitting the facts as alleged and the violations charged. As a result of a hearing held on June 10, 1997, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that respondent took funds that belonged to the beneficiaries of the estate of Steffy. It also found that respondent appropriated other client funds, as alleged, for the purpose of supporting his family. The panel concluded that respondent had violated DR 9-102(A) and (B)(1), and 1-102(A)(3), (4), and (6). In mitigation the panel heard testimony that respondent became involved in the Ohio Lawyers Assistance Program in December 1992, entered into a Lawyer Support System Recovery Contract, and regularly attends Alcoholics Anonymous meetings. The panel received testimony and exhibits regarding the respect in which respondent is held by other lawyers, his competence, and his reputation in the community. It also received evidence that respondent has made complete restitution. The panel recommended that respondent be suspended indefinitely from the practice of law in Ohio.

{¶ 5} The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

———————————

2

*Per Curiam*.

{¶ 6} Upon review of the record, we adopt the findings, conclusions, and recommendation of the board.  Respondent is hereby indefinitely suspended from the practice of law in Ohio.  Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

————————————

**Cook, J., dissenting.**

{¶ 7} In view of the duration and extent of this respondent's dishonesty, I would disbar him.

————————————